FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

04 AUG 16 PM 4:17

OFFICE OF THE CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMMY RAY, Individually and on Behalf of De'Avia Ray, a Minor Child.<br><br>Plaintiffs,<br><br>vs.<br><br>OMAHA HOUSING AUTHORITY,<br><br>Defendant. | Civil Case No. 8:04CV382 |

### COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

COME NOW Plaintiffs, Tammy Ray, individually, and on behalf of Plaintiff's minor child, De'Avia Ray, by and through her attorney Catherine Mahern of the Milton R. Abrahams Legal Clinic and Milo Alexander of Legal Aid of Nebraska, and states and alleges as follows:

1. Plaintiff seeks monetary, declarative, and injunctive relief against Defendant for denying Plaintiff's application to participate in the Section 8 Voucher Program without due process of law, thus violating her due process rights which are protected by 42 U.S.C. § 1983.

### II. JURISDICTION AND VENUE

1

2. Jurisdiction is conferred on this Court by 42 U.S. C. § 1983 and 28 U.S.C. § 1331.

3. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, U.S. CONST. amend. V and XIV, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Venue is proper under 28 U.S.C. § 1391 in that all events giving rise to the claims alleged herein occurred in Omaha, Douglas County, Nebraska.

### III. PARTIES

5. Plaintiff Tammy Ray resides in Omaha, Nebraska with her minor child, De'Avia Ray, age 3.

6. Defendant Omaha Housing Authority (OHA) is a unit of local government created by and operating under the provisions of the Nebraska Housing Agency Act, Neb. Rev. Stat. §71-1572 to 71-15,168 (Reissue 2003).

7. Among its other duties, Defendant is charged with administration of the Section 8 Voucher Program. The Section 8 Voucher Program is a federally funded program designed to help low-income people find decent, safe, and sanitary housing on the private market. Defendant determines eligibility for the Section 8 Voucher Program, and the amount of the benefit based on a tenant's income, and pays the benefit directly to the private landlord. Benefits include payments for rent as well as utilities for the tenant.

### IV. FACTS

8. Plaintiff Tammy Ray is the single parent of and physical custodian of her minor child De'Avia Ray.

9. Plaintiff resides, and has resided, at 2007 Pinkney, in Omaha, Nebraska, in property previously known as North Omaha Homes from August 2003 until the present. Plaintiff received rental assistance in a form of benefits known as Project-Based Section 8.

10. A Project-Based Section 8 Program provides subsidies for all or a portion of the units available in a particular privately owned housing complex, and an eligible tenant must take a unit within that housing complex. The Project-Based Section 8 Program is administered by the United States Department of Housing and Urban Development (HUD).

11. North Omaha Homes, a Project-Based Section 8 property, was foreclosed by HUD and the property was sold to Chateau La Martine, LLC on April 30, 2004. Following foreclosure and sale, the property was no longer eligible for Project-Based Section 8 benefits.

12. When HUD terminates a Project-Based Section 8 project, it is required by federal law, 24 C.F.R. § 982.3, to provide Section 8 Voucher Program benefits to the tenant of the terminated project.

13. In April 2004, HUD entered into an agreement with Defendant to provide funds targeted for residents of the property formerly known as North Omaha Homes pursuant to 24 C.F.R. § 982.203, so that those residents could continue to receive Section 8 benefits under the Section 8 Voucher Program of 24 C.F.R. § 982.

14. On approximately May 13, 2004 Plaintiff filed an application with Defendant for the Section 8 Voucher Program for assistance for herself and her minor child, and has provided all the information required for determining her eligibility.

15. By letter dated June 11, 2004, Plaintiff was notified by Defendant that her application for Section 8 Voucher Program benefits had been approved but that no housing assistance would be issued to anyone with an outstanding balance, and that Plaintiff had an outstanding balance of $1,015.84 for rent, attorney's fees and damages arising out of Plaintiff's rental of a public housing unit that Plaintiff rented from Defendant prior to January 21, 2001.

16. Defendant's letter of June 11, 2004 failed to offer Plaintiff an informal review of the basis of Defendant's decision to not issue benefits.

17. Defendant did not notify Plaintiff of the alleged damage at the time the damages occurred or give Plaintiff any opportunity to contest the allegations. The first notice Plaintiff received of the alleged debt was Defendant's letter of June 11, 2004.

18. Defendant's policies fail to provide for notice of alleged debt for rent, attorney's fees and damages to rental unit and an opportunity to contest the allegations, despite the fact that unpaid damages may disqualify a tenant for future Section 8 Voucher Program benefits.

19. Plaintiff disputes the allegation that she owes any funds to Defendant, and in a letter dated July 13, 2004, Plaintiff notified Defendant that she disputed the debt and requested an informal review on that matter.

20. Defendant, in a letter dated July 16, 2004, stated that the outstanding debt must be paid, and that once repaid Plaintiff's application process would be continued.

21. In a letter dated July 26, 2004 Plaintiff requested, *inter alia,* documentation regarding the alleged debt, and made a second request for an informal review.

22. Defendant has failed to respond or grant Plaintiff an informal review to determine the validity of any debt which Defendant claims Plaintiff owes.

23. The monthly benefit Plaintiff should receive under the Section 8 Voucher Program, and that which she received as a Project-Based Section 8 recipient was $717 per month for her rent and utilities.

24. Plaintiff's current landlord, Chateau La Martine, LLC, has received no rent from HUD or Plaintiff since purchasing the property on May 1, 2004, and has communicated to Plaintiff that action would be taken to evict her from the premises if she was not qualified and receiving Section 8 Voucher Program benefits for the property by September 1, 2004.

25. Defendant's refusal to process Plaintiff's approved application until an alleged outstanding debt is paid is a denial of benefits for which Plaintiff has been approved, and is entitled.

26. Defendant's failure and refusal to offer Plaintiff an informal review on the alleged previous debt for damages is denial of Plaintiff's due process rights under 24 C.F.R. § 982.554.

27. As a result of Defendant's failure to process Plaintiff's application for participation in, and issue benefits under, the Section 8 Voucher Program, Plaintiff and her family are under threat of eviction, and will become homeless if immediate action is not taken.

28. As a result of Defendant's denial Plaintiff may have accumulated a debt to her landlord, Chateau La Martine for rent for the months of May through August of 2004.

29. Plaintiff and Plaintiff's minor child have been harmed by Defendant's actions, and continue to be harmed, suffering from anxiety, pain, the threat of economic loss, and other irreparable harm.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

A. An order from the Court declaring that Defendant denied Plaintiff's due process rights by arbitrarily and capriciously failing to issue housing assistance under the Section 8 Voucher Program;

B. An order from the Court declaring that Defendant denied Plaintiff's due process rights by arbitrarily and capriciously failing to offer Plaintiff an informal review on the alleged debt owed to Defendant by Plaintiff;

4

C. Enter a temporary restraining order and a preliminary injunction, ordering the Defendant to immediately issue housing assistance to Plaintiff and her minor child under the Section 8 Voucher Program;

D. Enter a temporary restraining order and a preliminary injunction, ordering the Defendant to immediately grant Plaintiff an informal hearing on the alleged debt owed by Plaintiff to Defendant;

E. Award monetary compensatory damages and punitive damages;

F. Award Plaintiff the costs of this action, including fees, expenses and attorney's fees attributable to the work of Catherine Mahern, or other lawyers with the Abrahams Legal Clinic (no attorney's fees are requested for services performed by Milo Alexander or Legal Aid of Nebraska); and,

G. Such other relief as the court deems just and proper.

Tammy Ray, Plaintiff

By: *(signature)*
Catherine Mahern #19939
Abrahams Legal Clinic
2120 Cass St.
Omaha, NE 68178
(402) 280-3068

By: *(signature)*
Milo O. Alexander, Jr. #15338
Legal Aid of Nebraska
500 South 18th Street
Omaha, Nebraska 68102-2533
(402) 348-1060

PLAINTIFF REQUESTS TRIAL BE HAD IN OMAHA

5